UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R2 Under the Pooling and Servicing Agreement Dated as of March 1, 2005, Without Recourse** <br><br> **Plaintiff,** <br><br> vs. <br><br> **Greg L. Carolus, et al.** <br><br> **Defendants.** | Case No. 5:07-cv-1698 <br><br> Judge Sara Lioi <br><br> **<u>JUDGMENT ENTRY AND DECREE IN FORECLOSURE</u>** |

UNITED STATES DISTRICT JUDGE SARA LIOI

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Default Judgment. The real property that is the subject of this foreclosure action (the "Property") is as follows:

> All that parcel of Land in City of Barberton, Summit County, State of Ohio, as more fully described in Deed DOC #54806172, ID# 01-01695, Being known and designated as Lot 19, Swigart.
>
> Situated in the City of Barberton, County of Summit and State of Ohio, and known as being Lot No. 19 in the New Portage Allotment of the Swigart Farm made for John McNamara by R.S. Paul Surveyor, and recorded in Plat Book 6, Page 25, of Summit County Records, be the same more or less, but subject to all legal highways.

In response to the Motion for Summary Judgment, the Court has reviewed the Complaint, the Answer filed by Greg L. Carolus, and all evidence submitted, including the Plaintiff's Foreclosure Compliance Affidavit. The Court finds that there are no genuine issues of material

E42

fact and that Plaintiff is entitled to judgment in its favor as a matter of law. The Court further finds that reasonable minds can come to but one conclusion, which is adverse to the foregoing defendant, and therefore grants Plaintiff's Motion for Summary Judgment.

The Clerk's Entry of Default is properly reflected on the Pacer docket. The Court acknowledges that Amanda Smith, Discover Bank and Fidelity Tax, LLC have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Greg L. Carolus and Amanda Smith executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Greg L. Carolus and Amanda Smith executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $92,879.03 plus interest on the principal amount at the rate of 7.85% per annum from August 1,

2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that, all personal obligations of Amanda Smith on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Amanda Smith for the amount due on the Note. However, the Court finds that Greg L. Carolus is personally obligated on the Note and that such personal obligation has not been discharged. As a result of the foregoing, the Court hereby enters judgment against Greg L. Carolus for the amount due on the Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property

according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Following the sale of the Property, the proceeds shall be distributed in the following order of priority:

- First, the Clerk of Courts shall be paid for all costs of this action.
- Second, the Summit County Treasurer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property.
- Third, Plaintiff shall be paid principal in the amount of $92,879.03 plus interest on the principal amount at the rate of 7.85% per annum from August 1, 2006, all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.
- Fourth, the balance of the proceeds, if any, shall be held pending further order of the Court.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** August 24, 2007

                                                        s/ Sara Lioi
                                                  Judge Sara Lioi
                                                  UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff